CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKu
MAR 25 2010
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HECTOR MOREL, </br> Petitioner, | Civil Action No. 7:09-cv-00346 |
| v. | MEMORANDUM OPINION |
| WARDEN O'BRIEN, </br> Respondent. | By: Hon. Jackson L. Kiser </br> Senior United States District Judge |

Hector Morel, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges the disciplinary hearing officer ("DHO") at the United States Penitentiary in Lee County, Virginia ("USP Lee"), violated due process by convicting him of possessing a weapon in prison. Respondent filed a motion to dismiss, and respondent answered, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss and dismiss the petition.

I.

The record reveals the following facts. On February 27, 2008, a correctional officer at USP Lee charged petitioner with possession, manufacture, or introduction of a weapon. The officer alleged that he "found a black plastic homemade weapon sharpened to a point at one end. This weapon was six and one-half inches [long] . . . . [and] located underneath the bottom locker in [the] cell . . . assigned only to [petitioner]." (Resp.'s Ex. 1, Attch. D (no. 10) 3.) Staff provided petitioner with a copy of the incident report on February 27, 2008. Petitioner told the investigating staff that he did not know the knife was there, and the staff released the incident report for administrative processing.

On March 11, 2008, the Unit Discipline Committee referred the charge to the DHO and gave petitioner notice of the upcoming DHO hearing. Prior to the DHO meeting, petitioner

waived his right to have a staff member present and indicated he did not want to call witnesses.

On March, 21, 2008, the DHO held the disciplinary hearing, advised petitioner of his rights, and gave petitioner the opportunity to call witnesses. Petitioner alleges that the DHO refused his request to call as witnesses all "J-challenge" inmates, but petitioner did not want to call other witnesses. Petitioner indicated he understood his rights and waived his right to a staff representative, although he claims the DHO tricked him into this waiver. Petitioner argued that the weapon did not belong to him and that "the first CO didn't know what it was" and, thus, he should not be found guilty for not knowing what it was, either.

The DHO found petitioner guilty of the offense after considering the incident report, investigation, and photograph of the weapon. The DHO noted that petitioner was the only inmate for the prior two months assigned to the cell where the knife was located. The DHO also reasoned that petitioner could be held responsible for items in his cell because he had an adequate opportunity to search the cell for contraband. The DHO noted that inmates often intentionally hide contraband in places to make discovery or retrieval difficult.

The DHO sentenced petitioner to fifteen days disciplinary segregation pending 180 days of good conduct, forty-one days loss of good conduct time, and 180 days loss of commissary privileges. The DHO held that the sanctions were appropriate because possessing that kind of weapon threatened the safety of petitioner, other inmates, and staff and similar conduct previously resulted in serious injuries. The DHO also advised petitioner of his appeal rights. Petitioner acknowledges that he received a copy of the DHO report four months after the hearing via a Freedom of Information Act request.

Petitioner alleges that the DHO refused his request to call as witnesses all "J-challenge"

inmates, discriminated against him because he is an alien, and refused a request for a staff representative. (Pet. 4.) Petitioner further alleges that the DHO is not impartial because she works at USP Lee and failed to provide petitioner a copy of the results of the DHO hearing. (Id.) Following the respondent's motion to dismiss, petitioner filed an unverified response, alleging the DHO tricked him into waiving a staff representative by requesting petitioner's initials on the form and subsequently writing "waived" in the box describing staff representation.

## II.

### A.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts admissible as evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole

---

[1] The parties received reasonable and explicit notice of the possibility that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d).

3

could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.

The Due Process Clause of the Fifth Amendment mandates several procedural safeguards before a federal inmate may be punished for violating prison disciplinary rules with the loss of property or a protected liberty interest, such as earned good conduct time. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These safeguards include (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the inmate; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the finder of facts as to the

4

evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71.

Petitioner received advanced, written notice of the charges. Petitioner received the copy of the written incident report on February 27, 2008, and the DHO hearing was on March 21, 2008. The evidence was disclosed to petitioner in the incident report, during the UDC hearing, and during the DHO hearing.

Petitioner stated on the DHO forms that he did not request witnesses for the hearing. However, petitioner alleges that he wanted to call all the inmates in "J-challenge" as witnesses and that the DHO denied the request, saying he can not call that many witnesses. An inmate may be prevented from calling witnesses when permitting him to do so will be unduly hazardous to institutional safety or correctional goals. Id. at 566. See Baxter v. Palmigiano, 425 U.S. 308, 321 (1976) (prison officials need not state reasons for refusal to allow witnesses because institutional security is left to the sound discretion of prison officials). The DHO certainly had the discretion to disallow petitioner's request for all inmates of a particular group to testify in light of institutional concerns of security or the testimonies' unsubstantiated relevance.

Petitioner presents only a naked conclusion that the DHO was biased against him because petitioner is an alien and the DHO works for USP Lee. The DHO states in her affidavit that the Bureau of Prisons trained and qualified her as a DHO. (Mollica Aff. (no. 10, Ex. 1) ¶¶ 4-6.) She further avers that she acted as an objective and impartial decision maker, considered only the evidence before her to base her decision, and was not predisposed to find petitioner guilty of the offense. (Id.) Petitioner did not provide a counter-affidavit nor elaborated on his allegation of bias, and he may not rest on mere conclusions to be entitled to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating labels and conclusions are insufficient to state a

5

claim upon which relief may be granted).

The DHO's decision was authorized on August 28, 2008, and petitioner received a copy through the official system on September 3, 2008, within ten days. See 28 C.F.R. § 541.17(g) (stating DHO report should <u>ordinarily</u> be given to the accused within ten days). Although petitioner complains of the delay in receiving a copy of the DHO's report, he acknowledges its receipt, both through the normal procedure and his FOIA request.[2]

Despite petitioner's allegations, he did not have a constitutional right to a staff representative. Petitioner's DHO hearing was not a case "where an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case" that requires substitute counsel. Wolff, 418 U.S. at 570.

Petitioner also argues that the DHO convicted him based on insufficient evidence. In order to satisfy the protections of the Due Process Clause, a decision depriving an inmate of a liberty interest must be based on "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-55 (1985). In determining the sufficiency of the evidence to support the decision, "the relevant question is whether there is any evidence in the record" that could support the conclusion reached. Id. at 455-56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456.

---

[2] Petitioner complains of the lengthy delay in receiving the DHO's report because the DHO hearing was in March 2008 and the DHO report was authorized in August 2008. However, petitioner he was able to fully exhaust his administrative remedies; none of his grievances were denied as untimely. Thus, he is unable to establish any prejudice even if he had not receive the DHO report within ten days. See Von Kahl v. Brennan, 855 F. Supp. 1413, 1422 (M.D. Pa. May 27, 1994) (stating that even if a regulation was violated, a petitioner must show prejudice to the right sought to be protected by the violated regulation).

The record reflects that staff discovered an engineered plastic shank in petitioner's cell, underneath the bottom locker. Petitioner was the only inmate assigned to that cell for more than two months. The photograph of the shank resembles a knife. Therefore, I find that there is evidence in the record to support the conclusion that petitioner possessed a dangerous weapon in his cell. Accordingly, petitioner fails to establish that his disciplinary hearing violated due process.

III.

For the foregoing reasons, I grant the respondent's motion for summary judgment.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 25th day of March, 2010.

Senior United States District Judge